IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA
06 MAR -7 PM 4:53
WLS
DEPUTY CLERK

MATTIE GODDARD,

Plaintiff,

vs.

THE CITY OF ALBANY, GEORGIA; ALFRED D. LOTT INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CITY MANAGER FOR THE CITY OF ALBANY, GEORGIA,

Defendants.

CIVIL ACTION
FILE NUMBER 1:06-CV-34(WLS)

JURY TRIAL DEMANDED

**PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, by and through her attorney, and shows this Honorable Court the following.

I.

**JURISDICTION AND VENUE**

1.

This action is brought pursuant to the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981(§ 1981), brought pursuant to 42 U.S.C. § 1983, as amended by the Civil Rights Act of 1991, the Civil Rights Act of 1871, codified at 42 U.S.C. § 1983(§ 1983) for violations of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution to redress Plaintiff's rights to be free from race and sex discrimination and retaliation under the United States

Constitution, and to remedy Plaintiff's rights to freedom of speech, freedom of association, access to courts, and the right to petition the government and retaliation under the United States Constitution. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

2.

Venue lies in this Court under 28 U.S.C. 1391(b) and this cause resides in the Albany Division of this Court because all parties to this action reside in and are located within the boundaries of this judicial district. Moreover, the unlawful employment practices alleged below were committed in the Middle District of the State of Georgia.

II.

**PARTIES**

3.

Plaintiff, Mattie Goddard, is a sixty-six year old black female, and at all times relevant to this Complaint, was a resident of Albany, Dougherty County, Georgia, which is located in the Middle District of Georgia. Plaintiff was at all times relevant hereto an employee of the City of Albany, Georgia and she had been so employed for more than twenty-two years. Plaintiff was the Director of the Albany Civic Center for most of this period of time.

4.

Defendant City of Albany, Georgia, ("ALBANY") is a duly constituted municipal corporation of the State of Georgia and was the employer of Plaintiff. Defendant ALBANY is and was at all times relevant hereto a duly organized governmental entity created and existing by virtue of the laws of the State of Georgia, an entity body subject to suit, and subject to the jurisdiction of this Court. At all times relevant to this complaint, Albany has employed in excess of 15 employees.

5.

The Defendant **ALBANY** is liable for constitutional deprivations pursuant to governmental custom, policy, or practice whether written or unwritten. Monell v. New York Dept. of Social Services, 436 U.S.C. 658 (1978). The Defendant **ALBANY** is also liable for the misconduct, inadequate training, failure to train, negligent hiring, negligent retention, and negligent supervision of its employees.

6.

At all times relevant to this Complaint, Defendant ALFRED D. LOTT ("LOTT") was the supervisory official who at all times material hereto was and continues to be, the duly appointed city manager for the CITY OF ALBANY, GEORGIA, and acting under the color of state law. LOTT failed to adequately train, supervise, and discipline certain city personnel, including those who participated in the discrimination and retaliation against

Plaintiff for engaging in protected activity. LOTT, who participated in the discrimination and/or retaliation against Plaintiff, is being sued in both his individual and official capacities.

III.

**GENERAL ALLEGATIONS**

7.

Albany is a city municipality created by the State of Georgia. As such, Albany has written policies on personnel policies. These policies were enacted by the Board of Commissioners of the City of Albany, Georgia, and are contained for the most part in a document entitled Personnel Management System. Albany also had a progressive discipline system. If Albany had followed these policies, Plaintiff would not have been terminated.

8.

Plaintiff as an employee of Albany had a property interest in her continued employment, and she had an understanding and expectation based on the customs, policies, and practices of Albany that she could only be terminated for cause. Plaintiff began her employment with Albany in 1983. Plaintiff had been evaluated by at least three (3) city managers and she had never received an adverse action, and she had never received a ranking on an evaluation below effective.

9.

On or about January 13, 2005, some white members of the Albany community sent a letter to then interim city manager Lemuel Edwards requesting that Plaintiff be terminated from her position as the Director of the Civic Center. In a letter dated February 15, 2005, Lemuel Edwards responded to this letter and stated that "I do not agree that a change is necessary at the leadership level at this time." Some members of the Albany city commission told Plaintiff that these white people wanted her employment terminated. Also, a high ranked city official told Plaintiff that these individuals wanted her employment terminated because she dotted her I's and she crossed her T's. This city official suggested that Plaintiff transfer to some other city department. In or around September of 2005, Lott was hired as city manager for Albany. Prior to September, 29, 2005, Lott met with Plaintiff one time for approximately thirty (30) minutes. This meeting was supposed to be about the cash advances on season tickets that the City was giving to the Celebrity Services, Inc., but Goddard was asked what was she doing to market the civic center.

10.

Prior to this meeting, Goddard had been very critical of Albany's policy of advancing monies on the sell of season tickets for the South Georgia Wildcats Football team to Celebrity

Services, Inc. On October 26, 2005, Lott wrote Goddard a letter informing Goddard that she was incapable of operating the Civic Center. In a letter dated November 3, 2006, Goddard complained of discrimination. On or about November 21, 2005, Lott evaluated Goddard ineffective in all areas on her evaluation. Lott had not been employed with Albany three (3) months at the time that he evaluated Goddard, and he had not been employed with Albany long enough to evaluate Goddard according to Albany's policies. Plaintiff filed a grievance against Lott as a result of this evaluation pursuant to Albany's Personnel Management System. Lott did not take any action on Plaintiff's grievance.

11.

Lott told Goddard during this evaluation that he was going to place her on a Professional Development Plan, which he was required to do under the policies of Albany, but he was not going to do so because Goddard decided to retain an attorney. Lott had actually just circulated his own policy which provided that an employee should be placed on a Professional Development Plan prior to being terminated. Some of the provisions in Lott's in Lott's policy were in conflict with the policies as found in the Personnel Management System which was promulgated by the board of city commissioners for Albany.

12.

Goddard filed a Charge of Discrimination with the Equal

Employment Opportunity Commission on or about November 22, 2005, alleging race, sex, and age discrimination and retaliation in employment.[1] In a letter dated February 1, 2006, Lott suspended Goddard's employment pending termination. In a letter dated February 8, 2006, Lott terminated Plaintiff's employment. Lott placed Plaintiff in a very hostile work environment almost immediately upon his appointment and/or hiring as city manger.

13.

But for the fact of Plaintiff's protected status as a black female over the age of forty (40), she would not have been discriminated against, she would not have been retaliated against for engaging in protected activity, and she would not have been terminated. Defendants' actions in subjecting Plaintiff to race and sex discrimination and retaliation constitute unlawful discrimination under the color of state law in violation of the United States Constitution which may be remedied through 42 U.S.C. § 1983, and 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1983.

14.

This unwelcomed race and sex discrimination and retaliation against Plaintiff unreasonably interfered with Plaintiff's right

---

[1]. Plaintiff hereby specifically reserves the right to amend this complaint to add the claims currently pending before the Equal Employment Opportunity Commission once the condition precedent to bring these claims has occurred.

to enter into a contract, affected the terms, conditions and privileges of her employment and further created a hostile, abusive, offensive and intolerable working environment.

15.

As of the date of this Complaint, the discrimination against Plaintiff had not stopped, and Plaintiff had not been reinstated to her position as director of the Albany Civic Center.

16.

At all times relevant to this Complaint, **Lott** was the alter-ego of Defendant **Albany** and, as such, **Albany** had actual and/or constructive knowledge of the unlawful race and sex discrimination and retaliation perpetrated upon Plaintiff under the color of state law.

17.

**Albany** and **Lott** did not take sufficient actions to formulate and implement policies to prevent discrimination and retaliation against the class of persons to which Plaintiff belongs.

18.

As such, by failing or refusing to formulate and implement policies to prevent said discrimination, **Albany and Lott** created and perpetuated a de facto policy of allowing, condoning, and ratifying such unlawful and discriminatory and retaliatory conduct in the workplace, and in so doing, acted with malice or reckless indifference to Plaintiff's federally protected rights.

19.

**Albany's and Lott's** reasons for terminating Plaintiff's employment and retaliating against Plaintiff were purely pretextual and otherwise discriminatory in nature.

**COUNT I**

20.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 -19 of this complaint and they are hereby realleged and incorporated by reference.

21.

Defendants' actions in subjecting Plaintiff to race and sex discrimination, a hostile work environment, and retaliation under the color of state law constitute intentional discrimination in violation of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution brought pursuant to 42 U.S. C. § 1983 to redress Plaintiff's rights to be free from race and sex discrimination and retaliation under the United States Constitution.

**COUNT II**

22.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 -21 of this complaint and they are hereby realleged and incorporated by reference.

23.

Defendants' actions in subjecting Plaintiff to race discrimination, a hostile work environment, and retaliation constitute unlawful intentional discrimination in the making and enforcement of a contract in violation of 42 U.S.C. § 1981 brought pursuant to 42 U.S.C. § 1981.

**COUNT III**

24.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 -23 of this complaint and they are hereby realleged and incorporated by reference.

25.

Defendants' actions in violating Plaintiff's rights of freedom of speech, freedom of association, right to access to courts, and right to petition the government violated Plaintiff's Constitutional rights under the First Amendment and the Fourteenth Amendment to the United States Constitution which may be remedied through 42 U.S.C. § 1983.

**COUNT IV**

26.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 -25 of this complaint and they are hereby realleged and incorporated by reference.

27.

Defendants have wilfully and wantonly disregarded Plaintiff's rights, and Defendants' actions against Plaintiff were undertaken in bad faith.

28.

As a result of the unlawful actions of Defendants, Plaintiff has suffered emotional pain, mental distress, inconvenience, mental anguish, loss of enjoyment of life, loss of income, and benefits of employment.

29.

Plaintiff hereby incorporates as if set forth fully paragraphs 1 -30 of this complaint and they are hereby realleged and incorporated by reference.

30.

As a direct and proximate result of defendants knowledge, condonation, and ratification of the race and sex discrimination and retaliation against Plaintiff, Plaintiff has lost past and future wages and benefits and has otherwise suffered mental anguish, emotional harm and distress, humiliation, embarrassment and physical discomfort.

31.

Upon information and belief, the aforesaid customs, policies, practices, and systemic deficiencies of **Albany** arose through the conscious decisions and/or deliberate indifference of

the board of city commissioners and the city manger who are policy makers and final decision-makers, including but not limited to, all defendants in this action.

32.

Defendants are liable to Plaintiff for compensatory damages and attorney's fees under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 1988 for causing Plaintiff to be deprived of her federal constitutional rights.

WHEREFORE, Plaintiff demands judgment against Defendants for back pay, front pay, lost employment benefits, compensatory damages, punitive damages, attorney's fees and costs and other such relief as this Court deems just and equitable.

WHEREFORE, Plaintiff demands a TRIAL BY JURY and prays that this Honorable Court:

a) adjudge Defendants to have engaged in unlawful employment discrimination and retaliation under the color of state law in violation of 42 U.S.C. § 1983 and § 1981;

b) adjudge Defendants to have engaged in employment discrimination and retaliation in the making and enforcing of contracts in violation of § 1981;

c) award Plaintiff compensatory and general damages for the violation of her statutory and constitutional rights and for the damages she has sustained in an amount to be determined by the enlightened conscience of the jury, including damages for loss of

income, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other general and compensatory damages.

d) award Plaintiff injunctive relief to include both a preliminary and permanent injunction to prevent defendants from discriminating and retaliating against Plaintiff and to immediately place Plaintiff into her former position with all privileges and benefits associated therewith;

e) award Plaintiff costs of this action and her reasonable attorney's fees under 42 U.S.C. § 1988, 42 U.S.C. § 2000-e et seq., 42 U.S.C. § 1981, and 42 U.S.C. § 1983 including interim and final attorney's fees; and

f) award Plaintiff such further relief, equitable or legal, that this Court may deem just and proper.

This the 7th day of March, 2006.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF MAURICE LUTHER KING, JR. P.C.

BY: ______________________

MAURICE LUTHER KING, JR.
ATTORNEY FOR PLAINTIFF
STATE BAR NO. 421145

POST OFFICE BOX 72071
ALBANY, GEORGIA 31708-2071
(229) 639-0619